UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

OMOU COULIBALY,

                        Plaintiff,

          v.

JOSEPH B. EDLOW, Director, National Visa Center; MIKE RAYNOR, U.S. Ambassador to the Republic of Senegal and the Republic of Guinea-Bissau; MARCO RUBIO, Secretary of State of the United States; and PAMELA JO BONDI, Attorney General of the United States,

                        Defendants.

**MEMORANDUM & ORDER**
23-CV-8031 (MKB)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Plaintiff Omou Coulibaly commenced the above-captioned action pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 555(b), the Mandamus Act, 28 U.S.C. § 1361, and the Immigration and Nationality Act ("INA"), 8 U.S.C. § 11081 *et seq.*, to compel Defendants Conn Schrader, Director of the National Visa Center; Mike Raynor, U.S. Ambassador to the Republic of Senegal and the Republic of Guinea-Bissau; Antony Blinken, Secretary of State of the United States; and Merrick Garland, Attorney General of the United States,[1] on October 27, 2023, to review the denial of her husband Fadjigui Coulibaly's visa application, as well as her three children's derivative visas. (Compl., Docket Entry No. 1.)

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the caption has been updated to reflect the new Director of the National Visa Center, Secretary of State of the United States, and Attorney General of the United States. Joseph B. Edlow, Director of the National Visa Center and U.S. Citizenship and Immigration Services, is automatically substituted for Conn Schrader; Marco Rubio, Secretary of State of the United States, is automatically substituted for Antony Blinken; and Pamela Jo Bondi, Attorney General of the United States, is automatically substituted for Merrick Garland.

Plaintiff also seeks attorneys' fees and costs. (*Id.*) On March 13, 2025, Defendants moved to dismiss the Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; Plaintiff opposes the motion.[2] For the reasons explained below, the Court grants Defendants' motion to dismiss.

## I. Background

Plaintiff is a lawful permanent resident and resides in Queens, New York.[3] (Compl. ¶ 11.) Plaintiff and her husband Mr. Coulibaly married on July 31, 2018, and Plaintiff's children are all under twenty-one years of age. (*Id.* ¶¶ 21–22.) Mr. Coulibaly had previously applied for a visitor visa to the United States, but it was denied in 2017 due to concerns that he would overstay his visa while visiting his children, who are U.S. citizens. (*Id.* ¶ 23.)

Plaintiff filed visa applications on behalf of Mr. Coulibaly and her three children. (*Id.* ¶¶ 13–15.) Mr. Coulibaly appeared for his visa interview at the U.S. Embassy in Senegal on May 24, 2023. (*Id.* ¶ 1.) The same day, the U.S. Embassy in Senegal "issued a refusal on the immigrant visa application" of Mr. Coulibaly pursuant to 8 U.S.C. § 1182(a)(6)(C)(i),[4] "based on

---

[2] (Defs.' Mot. to Dismiss ("Defs.' Mot."), Docket Entry No. 18; Defs.' Mem. in Supp. of Defs.' Mot. ("Defs.' Mem."), Docket Entry No. 19; Pl.'s Opp'n to Defs.' Mot. ("Pl.'s Opp'n"), Docket Entry No. 21; Defs.' Reply in Supp. of Defs.' Mot. ("Defs.' Reply"), Docket Entry No. 20.)

[3] The Court assumes the truth of the factual allegations in the Complaint for the purpose of deciding Defendants' motion. The Court also considers documents attached to the Complaint and takes judicial notice of relevant laws that are not subject to dispute. *See* Fed. R. Evid. 201(b) (permitting judicial notice of facts "not subject to reasonable dispute").

[4] The statute reads in full: "Any alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this chapter is inadmissible." 8 U.S.C. § 1182(a)(6)(C)(i). The Ineligibility Form Mr. Coulibaly received on May 24, 2023 indicates that he was "found ineligible under" section 1182(a)(6)(C)(i), which "[p]rohibits the issuance of a visa to any person who obtains or attempts to obtain a visa or entry

2

the presumption of fraud or willful misrepresentation despite no evidence of such."[5]  (*Id.* ¶¶ 17–18, 26.)  Plaintiff thereafter "made multiple attempts to seek clarification . . . regarding the basis of the visa refusal," but received no response.  (*Id.* ¶¶ 19–20.)

**II. Discussion**

    **a.  Standard of review**

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court "must construe [the Complaint] liberally, accepting all factual allegations therein as true and drawing all reasonable inferences in the plaintiff['s] favor."  *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106–07 (2d Cir. 2021) (citing *Palin v. N.Y. Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019)); *see also Vaughn v. Phoenix House N.Y. Inc.*, 957 F.3d 141, 145 (2d Cir. 2020) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)).  A complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *New Yorkers for Religious Liberty, Inc. v. New York*, 125 F.4th 319, 327 (2d Cir. 2024) (quoting *Twombly*, 550 U.S. at 570).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Roe v. St. John's Univ.*, 91 F.4th 643, 651 (2d Cir. 2024) (quoting *Matson*, 631 F.3d at 63); *Cavello Bay Reinsurance Ltd. v. Shubin Stein*, 986 F.3d 161, 165 (2d Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal

---

into the United States through fraud or misrepresentation."  (Ineligibility Form, annexed to Compl. as Ex. A, Docket Entry No. 1-3.)

    [5]  As Defendants note, Plaintiff's three children were "derivative beneficiaries of Mr. Coulibaly's visa application," and therefore received the same ineligibility status as Mr. Coulibaly.  (Defs.' Mem. 1 n.1 (quoting 8 U.S.C. § 1153(d)).).

conclusions." *Iqbal*, 556 U.S. at 678; *Roe*, 91 F.4th at 651 ("Although all factual allegations contained in the complaint are assumed to be true, this rule does not extend 'to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" (quoting *Iqbal*, 556 U.S. at 678)).

### b. The doctrine of consular nonreviewability bars Plaintiff's claim

Defendants argue that Plaintiff's claim is barred by the doctrine of consular nonreviewability. First, Defendants argue that *Dep't of State v. Muñoz*, 602 U.S. 899 (2024) forecloses Plaintiff's argument that her constitutional rights are implicated by her husband's visa denial.[6] (Defs.' Mem. 5–7.) Second, Defendants argue that Plaintiff is not entitled to further explanation for the denial of her husband's visa. (*Id.* at 8.) Defendants argue that *Muñoz* held that "[i]f, and only if, a plaintiff was able to show that her constitutional rights were implicated by a visa denial, then courts would review whether the government provided a 'facially legitimate and bona fide' reason for the denial." (Defs.' Reply 2 (citation omitted).) Defendants contend that Plaintiff has not shown that her constitutional rights were implicated and she is therefore not entitled to a "facially legitimate and bona fide" reason for the denial. (*Id.* at 2–3.) Third, Defendants argue that even if Plaintiff was entitled to a reason for the denial, "the government's citation to a statute constitutes a facially legitimate reason." (*Id.* at 3.) Defendants note that the consular official denied Mr. Coulibaly's application because he "was determined to

---

[6] In *Muñoz*, the plaintiff, a U.S. citizen, argued that the denial of her husband's visa application implicated her "constitutionally protected liberty interest" and that the "Due Process Clause required the State Department to give Muñoz a 'facially legitimate and bona fide reason ' for denying her husband's visa." *Dep't of State v. Muñoz*, 602 U.S. 899, 906 (2024) (citation omitted). The Supreme Court held that Muñoz had no constitutional right to a "facially legitimate and bona fide reason for why someone else's visa was denied." *Id.* at 919 (internal quotation marks omitted). Defendants argue that *Muñoz* forecloses claims that any constitutional rights of U.S. citizens are affected by their spouse's visa denial, and Plaintiff in this case is a lawful permanent resident, not a U.S. citizen. (Defs.' Mem. 7–8; Defs.' Reply 1–2.)

4

be a person who 'obtain[ed] or attempt[ed] to obtain a visa or entry into the United States through fraud or misrepresentation.'"  (Defs.' Mem. 8 (alterations in original) (quoting 8 U.S.C. § 1182(a)(6)(C)(i)); Ineligibility Form, annexed to Compl. as Ex. A, Docket Entry No. 1-3.)  Defendants contend "[i]n this circumstance, that is all the information a consular officer is required to provide."  (Defs.' Mem. 8 (citing 8 U.S.C. § 1182(b)(1)).)

Plaintiff argues that the doctrine of consular nonreviewability does not apply in this case.  First, she argues "[c]ourts may review visa refusals when a constitutional right is at stake."  (Pl.'s Mem. 6–7.)  She argues that in *Kleindienst v. Mandel*, 408 U.S. 753 (1972), the Supreme Court "held that where a U.S. citizen asserts a constitutional interest in a visa denial, the government must provide a 'facially legitimate and bona fide reason,'" and "[i]f the reason is not bona fide, judicial review is appropriate."  (*Id.* at 6–7 (citing *Kleindienst v. Mandel*, 408 U.S. 753, 770 (1972)).)  Plaintiff argues that her "marital rights" and Fifth Amendment due process rights are implicated by the unclear and "arbitrary" refusal of Mr. Coulibaly's visa, and that, "[w]ithout a legitimate justification, judicial review is warranted" and "the government [must] articulate a proper legal justification for the refusal."[7]  (*Id.* at 7–9.)  Second, Plaintiff argues that this case is

---

[7] Although Plaintiff asserts that her Complaint is based, in part, on "an improper application of statutory grounds of inadmissibility," (Pl.'s Mem. 8), she does not specify which statute the consular officer allegedly improperly applied.  To the extent Plaintiff intends to argue that the Mandamus Act, the APA, the INA, or federal question jurisdiction, (Compl. ¶¶ 3–5), provide a statutory basis for the Court to review the denial of Mr. Coulibaly's visa, the Court concludes that none of these statutes permit the Court to review a consular officer's denial of a visa.  *See Wan Shih Hsieh v. Kiley*, 569 F.2d 1179, 1181 (2d Cir. 1978) (concluding no jurisdiction to review a consulate's decision to issue a visa under the APA); *Salim v. U.S. Att'y Gen.*, No. 23-CV-5325, 2024 WL 4198498, at *3 (E.D.N.Y. Sept. 16, 2024) (explaining that the Mandamus Act, the APA, the INA, and federal question jurisdiction do not "provide a freestanding basis for jurisdiction" to review visa-related claims and dismissing the plaintiff's claims for lack of subject matter jurisdiction); *Foad v. Holder*, No. 13-CV-6049, 2015 WL 1540522, at *3 (E.D.N.Y. Apr. 7, 2015) (concluding no jurisdiction to review visa-related claims under the Mandamus Act or the APA); *Morales v. Goldbeck*, No. 12-CV-2350, 2013 WL

distinguishable from *Muñoz* because in *Muñoz*, the Supreme Court "reaffirmed consular non-reviewability only in cases where there was a facially legitimate and bona fide reason," and this case "involves an arbitrary refusal that lacks a good-faith justification." (*Id.* at 7.) Plaintiff contends that *Muñoz* is inapplicable because Plaintiff's claim "involve[s] an improper application of statutory grounds of inadmissibility and a failure to provide a meaningful opportunity to challenge the decision," and while *Muñoz* "involved clear statutory discretion, the refusal [in this case] is arbitrary and unsupported by credible evidence." (*Id.* at 8.) Third, Plaintiff argues that because Mr. Coulibaly's visa was denied "based on misrepresentation or fraud" the "record must include specific factual findings to justify that conclusion." (*Id.* at 9 (citation omitted).) Plaintiff contends that she is "entitled to a reasoned decision and an opportunity to challenge any unfounded allegations," and that "government actions must be based on legitimate, articulable grounds."[8] (*Id.* at 10.)

---

937825, at *4 n.3 (E.D.N.Y. Mar. 11, 2013) (concluding no jurisdiction to review visa-related claims under the Mandamus Act, the APA, the INA, or federal question jurisdiction).

[8] The Court deems abandoned Plaintiff's argument that Mr. Coulibaly's visa was denied in bad faith. As Defendants note, Plaintiff's opposition brief perplexingly argues that "[h]er claim should be dismissed" because "Plaintiff's allegations of bad faith fail to overcome the doctrine" of consular nonreviewability. (Pl.'s Mem. 12; *see also* Defs.' Reply 4.) Plaintiff's own brief includes arguments that her bad faith argument fails for the following reasons: (1) the argument that "the doctrine of consular non-reviewability does not apply because the visa refusal was made in 'bad faith'" fails "under binding precedent," (Pl.'s Mem. 10); (2) "[e]ven assuming a bad faith exception exists, Plaintiff has not met the burden required to invoke it," (*id.* at 11); (3) "Plaintiff offers no specific facts to suggest improper motives by the consular officer," (*id.* at 11); (4) Plaintiff "merely disputes the officer's conclusion" and "[s]uch disagreement does not amount to bad faith," (*id.*); (5) "the consular officer provided a legitimate statutory basis for the visa refusal," and "[c]ourts have consistently rejected bad faith claims when the consular officer cites a valid statutory ground," (*id.*); and (6) "Plaintiff's claim is fundamentally foreclosed by *Muñoz*," and "Plaintiff — who is not a U.S. citizen — certainly" has "no right to demand further explanation of a visa refusal," (*id.* at 12). The Court cannot discern why Plaintiff's opposition brief includes arguments in favor of dismissing her own Complaint and also contains assertions that "well-established legal precedent confirms that courts may review consular decisions where . . . the decision was made in bad faith." (*Id.* at 13–14.) Nevertheless, Plaintiff's "conclusory

6

"For more than a century, [the Supreme] Court has recognized that the admission and exclusion of foreign nationals is 'a fundamental sovereign attribute exercised by the Government's political departments largely immune from judicial control.'" *Muñoz*, 602 U.S. at 907 (quoting *Trump v. Hawaii*, 585 U.S. 667, 702 (2018)). "Congress may delegate to executive officials the discretionary authority to admit noncitizens 'immune from judicial inquiry or interference'" and "[w]hen it does so, the action of an executive officer" to admit or exclude an individual "is final and conclusive." *Id.* (citations omitted); *see also Chhabra v. Blinken*, No. 22-192, 2022 WL 17587850, at *1 (2d Cir. Dec. 13, 2022) ("Th[e Second Circuit] has long held that 'a consular officer's decision to deny a visa is immune from judicial review.'") (quoting *Am. Acad. of Religion v. Napolitano*, 573 F.3d 115, 123 (2d Cir. 2009)). This doctrine of consular non-reviewability reflects the plenary power of Congress "to prescribe the terms and conditions upon which [aliens] may come to this country, and to have its declared policy in that regard enforced exclusively through executive officers, without judicial intervention." *Wan Shih Hsieh v. Kiley*, 569 F.2d 1179, 1181 (2d Cir. 1978) (quoting *Kleindienst*, 408 U.S. at 766); *Gharedaghi*

---

assertion" that the consular officer denied Mr. Coulibaly's visa in bad faith fails to "meaningfully discuss" her bad faith argument or provide any factual or legal support. *Farag v. XYZ Two Way Radio Serv., Inc.*, No. 22-1795, 2023 WL 2770219, at *2 (2d Cir. Apr. 4, 2023) (affirming a district court's dismissal of the plaintiff's claims as abandoned where the plaintiff "offered merely the conclusory assertion that the complaint had 'stated a claim for each and every cause of action'" but failed to "meaningfully discuss his state-law claims." (citation omitted)). "'[W]hen a party fails adequately to present arguments' in a brief, a court may properly 'consider those arguments,' especially 'in the case of a counseled party' where 'a court may . . . infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned.'" *Malik v. City of New York*, 841 F. App'x 281, 284 (2d Cir. 2021) (first quoting *State St. Bank & Tr. Cot. V. Inversiones Errazuriz Limitada*, 374 F. 3d 158, 172 (2d Cir. 2004), and then quoting *Jackson v. Fed. Exp.*, 766 F.3d 189, 198 (2d Cir. 2014)); *In re China Constr. Bank Corp.*, No. 24-CV-3591, 2025 WL 2250288, at *14 n.9 (S.D.N.Y. Aug. 6, 2025) (declining to exercise personal jurisdiction under a theory where the plaintiff "abandon[ed] this line of argument in their opposition to [the defendant's] motion to dismiss"). The Court accordingly declines to further address Plaintiff's argument that the consular officer denied Mr. Coulibaly's visa in bad faith.

7

*v. Blinken*, No. 24-CV-1798, 2025 WL 2300763, at *3 (D. Conn. Aug. 8, 2025) (quoting same).

A "narrow exception to th[e] bar [of consular nonreviewability] exists 'when the denial of a visa allegedly burdens the constitutional rights of a U.S. citizen.'" *Muñoz*, 602 U.S. at 908 (quoting *Trump*, 585 U.S. at 703); *Gharedaghi*, 2025 WL 2300763, at *4 (quoting same); *Khan v. U.S. Dep't of State*, 722 F. Supp. 3d 92, 101 (D. Conn. 2024) ("In the Second Circuit, there is a narrow exception to the doctrine of consular nonreviewability where a plaintiff alleges 'certain kinds of constitutional claims.'") (quoting *Al Naham v. U.S. Dep't of State*, No. 14-CV-9974, 2015 WL 3457448, at *3 (S.D.N.Y. June 1, 2015)); *Salim v. U.S. Att'y Gen.*, No. 23-CV-5325, 2024 WL 4198498, at *2 (E.D.N.Y. Sept. 16, 2024) ("In sum, the judiciary '[may] not interfere with the visa-issuing process' unless an American citizen's or legal resident's constitutional rights are implicated.") (alteration in original) (quoting *Hsieh*, 569 F.2d at 1181). "In that event, the Court has considered whether the Executive gave a 'facially legitimate and bona fide reason' for denying the visa," and "[i]f so, the inquiry is at an end." *Muñoz*, 602 U.S. at 908 (quoting *Kerry v. Din*, 576 U.S. 86, 103–04 (2015)). "This standard will be satisfied where a consular officer relies on a statutory ground of inadmissibility, unless the plaintiff affirmatively proffers 'a well supported allegation of bad faith.'" *Xian Yong Zeng v. Pompeo*, 740 F. App'x 9, 11 (quoting *Am. Acad. of Religion*, 573 F.3d at 137).

The doctrine of consular nonreviewability bars the Court's review of Mr. Coulibaly's visa denial. First, *Muñoz* forecloses Plaintiff's argument that her "marital rights" or Fifth Amendment due process rights were harmed by her husband's visa denial. In *Muñoz*, the Supreme Court explained that "a citizen does not have a fundamental liberty interest in her noncitizen spouse being admitted to the country." *Muñoz*, 602 U.S. at 909. In this case, Plaintiff, who is a lawful permanent resident, not a U.S. citizen, offers no legal basis for the Court to conclude that any of her constitutional rights were violated by her husband's visa denial.

8

*See Khan*, 722 F. Supp. 3d at 101 (explaining that "[t]he court is not aware of any case law holding that plaintiffs have a due process right to cohabitate with their foreign-born family members in the United States" and that "courts have consistently rejected arguments that such a right exists) (citations omitted); *Almakalani v. McAleenan*, 527 F. Supp. 3d 205, 227–28 (E.D.N.Y. 2021) ("Plaintiffs point to no case law at all, let alone case law binding on this court, that recognizes a fundamental constitutional right to cohabitate with one's family members within the United States."). Second, contrary to Plaintiff's argument, *Muñoz* explained that *Kleindienst* "does *not* hold that a citizen's independent constitutional right (say, a free speech claim), gives that citizen a procedural due process right to 'a facially legitimate and bona fide reason' of why someone else's visa was denied." *Muñoz*, 602 U.S. at 919. Plaintiff has not identified any constitutional right implicated by her husband's visa denial, and *Kleindienst* provides no support for her argument that "judicial review" of the denial is appropriate. (Pl.'s Opp'n 6); *see Al-Harbi*, 2025 WL 2442885, at *6 (explaining that the plaintiff, a lawful permanent resident, "ha[s] not (and cannot) raise any constitutional claim related to the visa denial"); *Chen v. Blinken*, No. 23-CV-2279, 2025 WL 606221, at *7 (E.D.N.Y. Feb. 25, 2025) (explaining that the plaintiff's substantive and procedural due process rights were not violated by the plaintiff's family's visa denials).

Plaintiff's remaining arguments in support of her claim are unavailing. To the extent Plaintiff argues that *Muñoz* does not apply to this case because Plaintiff alleges an "arbitrary refusal" of Mr. Coulibaly's denial without a "good-faith justification," (Pls.' Opp'n 7), Plaintiff misconstrues the framework the Supreme Court explained in *Muñoz*. The Supreme Court clarified that a U.S. citizen's constitutional rights must be implicated for the "narrow exception" to the doctrine of consular nonreviewability to apply. *Muñoz*, 602 U.S. at 908. Only "when the denial of a visa allegedly burdens the constitutional rights of a U.S. citizen" may a court then

9

"consider[] whether the Executive gave a 'facially legitimate and bona fide reason' for denying the visa." *Id.* (first quoting *Trump*, 585 U.S. at 703, and then quoting *Kerry*, 576 U.S. at 103–04). As mentioned above, *Muñoz* explained that "a citizen does not have a fundamental liberty interest in her noncitizen spouse being admitted to the country." *Muñoz*, 602 U.S. at 909. Plaintiff, a lawful permanent resident, has no legal basis for alleging that her constitutional rights were violated in this case, and the "narrow exception" to the doctrine of consular nonreviewability does not apply. *Chen*, 2025 WL 606221, at *7 (explaining that *Muñoz* "clarified that a U.S. citizen's constitutional rights must first be implicated before a court may exercise its review function over a consular decision") (citing *Muñoz*, 602 U.S. at 908); *Gharedaghi v. Blinken*, 2025 WL 2300763, at *4 ("[O]ne 'narrow exception to th[e] bar [of consular nonreviewability] exists when the denial of a visa allegedly burdens the constitutional rights of a U.S. citizen.'") (alteration in original) (quoting *Algazali v. Blinken*, No. 23-CV-6038, 2025 WL 357721, at *3 (S.D.N.Y. Jan. 31, 2025). In addition, Plaintiff misstates the law when she argues that because Mr. Coulibaly's visa was denied "based on misrepresentation or fraud," the consular officer was required to provide "specific factual findings to justify that conclusion." (Pl.'s Mem. 9.) The Supreme Court has instructed courts "not to 'look behind' the Government's exclusion of [noncitizens] for additional factual details beyond what its express reliance on [the statute on which the denial was based] encompassed." *Kerry*, 576 U.S. at 105 (quoting *Mndel*, 408 U.S. at 770). The consular officer provided a "facially legitimate and bona fide reason" for denying Mr. Coulibaly's visa by citing to 8 U.S.C. § 1182(a)(6)(C)(i) and was not required to offer additional explanation for the denial. *Chhabra*, 2022 WL 17587850, at *1 (explaining that because the plaintiff's "visa denial was based on a 'facially legitimate and bona fide reason,'" the court's "review can go no further."); *Alharbi*, 829 F. App'x at 572 (noting that the plaintiffs "were excluded on statutory substantive inadmissibility grounds," including 8

10

U.S.C. § 1182(a)(6)(C)(i), which constituted "a facially legitimate and bona fide reason" for denying plaintiffs' visa applications) (quoting *Kleindienst*, 408 U.S. at 770); *Xian Yong Zeng*, 740 F. App'x at 11 (affirming the district court's dismissal of the plaintiff's complaint where the consular officer "provided a bona fide and facially legitimate reasoning for denying [the plaintiff's] wife a visa — namely, that she had made a material misrepresentation about her employment when applying for a visa" in violation of 8 U.S.C. § 1182(a)(6)(C)(i)); *Chen*, 2025 WL 606221, at *8 ("[T]he [c]ourt declines to second-guess [d]efendants by requiring them to make a heightened factual showing for visa denials beyond the standard enacted by Congress").

### III. Conclusion

For the foregoing reasons, the Court grants Defendants' motion to dismiss the Complaint.[9]

Dated: September 22, 2025
      Brooklyn, New York

SO ORDERED:

            s/ MKB
MARGO K. BRODIE
United States District Judge

---

[9] Plaintiff does not seek leave to amend, and Plaintiff cannot amend the Complaint to remedy its fundamental deficiencies. The Court accordingly denies leave to amend because any amendment would be futile. *See Chhabra v. Blinken*, No. 22-192, 2022 WL 17587850, at *1 (2d Cir. Dec. 13, 2022) (affirming that the district court "did not err in denying leave to amend" where the plaintiff's claim was "barred under the doctrine of consular nonreviewability"); *Gharedaghi v. Blinken*, No. 24-CV-1798, 2025 WL 2300763, at *6 (D. Conn. Aug. 8, 2025) (explaining that granting "leave to amend would be futile given that 'under existing Second Circuit case law, the doctrine of consular nonreviewability" bars review of the plaintiff's claim) (quoting *Khan v. U.S. Dep't of State*, 722 F. Supp. 3d 92, 98 (D. Conn. 2024)); *Ullah v. Schrader*, No. 23-CV-6815, 2024 WL 4198500, at *1 n.1, 3 (E.D.N.Y. Sept. 16, 2024) (denying leave to amend where "the doctrine of consular nonreviewability bars judicial review of th[e] case").